Ariadne Panagopoulou (AP-2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Grigorios Fillipas, *on behalf of himself and others similarly situated,* | Civil Case No.: 16-cv-_____(___) |
| *Plaintiff,* | |
| -v- | **COMPLAINT** |
| Korona Painting Corp., JMK Painting LLC, George Kourpas, and Dimitrios Kourpas, *in their individual and professional capacity,* | |
| *Defendants.* | |

## NATURE OF THE ACTION

1. Plaintiff, Grigorios Fillipas, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq*. in order to remedy Defendants' wrongful withholding of Plaintiff's overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq*., as well as the supporting New York State Department of Labor Regulations for violations of overtime wages and failure to provide accurate wage statements.

## SUMMARY

2. Plaintiff was employed by Defendants Korona Painting Corp., JMK Painting LLC, George Kourpas, and Dimitrios Kourpas (collectively "Defendants") as a construction

1

worker from 2008 to June 2015.

3. Plaintiff's job duties included building, painting and carrying things such as cement, tiles, paints, wood etc.

4. Plaintiff consistently worked over forty (40) hours per week but was not paid overtime compensation for the hours worked over 40 hours.

5. Plaintiff was not given accurate wage statements depicting the actual hours worked by him. Instead the wage statements only accounted for hours worked up to 40 hours per week.

6. Throughout the duration of his employment, Plaintiff was misclassified as an exempt employee and did not receive overtime compensation.

7. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

9. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

10. Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES
(Plaintiff)

**Grigorios Fillipas**

11. Plaintiff Grigorios Filippas ("Plaintiff") is an adult individual residing in the state of New York, County of Queens.

12. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

13. Plaintiff worked for Defendants as a construction worker from 2008 to June 2015.

14. Plaintiff was employed by the Defendants at their offices at 36-34 35th Street, Astoria, NY 11106.

15. Plaintiff's job duties included, but were not limited to: building, painting and carrying things such as cement, tiles, paints, wood etc.

16. Plaintiff regularly handled goods in interstate commerce, such as construction equipment and painting products manufactured outside the State of New York.

17. During the period of his employment with Defendants, Plaintiff worked six (6) days per week for eight (8) hours a day. On an average, the Plaintiff worked for forty-eight (48) hours per week.

18. Throughout the period of his employment with Defendants, Plaintiff was

compensated at an hourly rate of Thirty Seven and 50/100 Dollars ($37.50) for all the hours he worked up to forty hours per week.

19. Defendants repeatedly suffered or permitted Plaintiff to work forty-eight (48) hours per week, which is in excess of the standard forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times the statutory minimum.

20. Plaintiff complained to Defendants George Kourpas and Dimitrios Kourpas on numerous occasions regarding his pay, however his compensation remained the same irrespective of actual hours worked.

21. Plaintiff was not given accurate wage statements depicting the actual hours worked by him. Instead the wage statements only accounted for hours worked up to 40 hours per week.

22. Throughout the duration of his employment, Plaintiff was misclassified as an exempt employee and did not receive overtime compensation.

23. In fact, Plaintiff did not receive any pay for the additional overtime hours he worked.

24. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

25. Throughout the duration of his employment, Plaintiff did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

26. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**(Corporate Defendants)**

27. Upon information and belief, Corporate Defendants Korona Painting Corp. and JMK Painting LLC are related entities and operate together as a single integrated enterprise. The corporate defendants are owned, managed, and operated by the same core team of Individual Defendants and they operate through the same premises.

28. Upon information and belief, non-exempt workers at Korona Painting Corp. and JMK Painting LLC perform the same basic job duties, are subject to the same employment policies and practices, and are directed and/or permitted by Defendants to perform work at both locations.

29. Upon information and belief, multiple employees of Defendants have in the past worked as full-time employees at both Korona Painting Corp. and JMK Painting LLC at different intervals without re-applying, including but not limited to, Plaintiff.

**Korona Painting Corp.**

30. Korona Painting Corp. ("Korona") is a domestic corporation formed on August 28, 2012, organized and existing under the laws of the State of New York.

31. Korona operates a construction and painting company and is located at 36-34 35th Street, Astoria, NY 11106.

32. Korona has approximately forty (40) full-time employees.

33. At all relevant times, Korona was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

34. At all relevant times, Korona maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

35. At all relevant times, Korona was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling construction equipment, paint products and other materials that were manufactured out of state and distributed in New York.

36. Upon information and belief, at all relevant times, Korona's annual gross volume of sales made, or business done, was not less than $500.000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**JMK Painting LLC**

37. JMK Painting LLC ("JMK") is a domestic corporation formed on November 2, 2007, organized and existing under the laws of the State of New York.

38. JMK operates a construction and painting company and is located at 36-34 35th Street, Astoria, NY 11106.

39. At all relevant times, JMK was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

40. At all relevant times, JMK. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

41. At all relevant times, JMK was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling construction equipment, paint products and other materials that were manufactured out of state and distributed in New York.

42. Upon information and belief, at all relevant times, JMK's annual gross volume of sales made, or business done, was not less than $500.000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**(Individual Defendants)**

43. At all relevant times, Korona Painting Corp., JMK Painting LLC, George Kourpas, and Dimitrios Kourpas were joint employers of Plaintiffs, acted in the interest of each other with respect to the restaurant's employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

**Dimitrios Kourpas**

44. Upon information and belief, at all relevant times, Dimitrios Kourpas ("Dimitrios") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendants.

45. At all relevant times throughout Plaintiff's employment, Dimitrios had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

46. At all relevant times throughout Plaintiff's employment, Dimitrios was actively involved in the day-to-day operations of the Corporate Defendant.

47. At all relevant times throughout Plaintiff's employment, Dimitrios was a "covered employer" within the meaning of the FLSA and the NYLL, jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**George Kourpas**

48. Upon information and belief, at all relevant times, George Kourpas ("George")

7

was, at the time of Plaintiff's employment, owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendants.

49. At all relevant times throughout Plaintiff's employment, George had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

50. At all relevant times throughout Plaintiff's employment, George was actively involved in the day-to-day operations of the Corporate Defendant.

51. At all relevant times throughout Plaintiff's employment, George was a "covered employer" within the meaning of the FLSA and the NYLL, jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

52. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

53. At all relevant times, Plaintiff was an employee and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

54. At all times relevant, Defendants have been employers of Plaintiff and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

55. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff.

56. Defendants have failed to pay Plaintiff overtime wages at a rate of one and one-half times the regular rate at which he was employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that he worked in excess of forty (40) hours per workweek.

57. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

58. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

59. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

60. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

61. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime wages

62.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.  At all relevant times referenced herein, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651(5), 652, and the supporting New York State Department of Labor Regulations.

64.  The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

65.  Defendants have failed to pay Plaintiff proper overtime to which he was entitled to at a wage rate of one and one-half times the employee's regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

66.  Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

67.  Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

68.  Defendants' failure to pay Plaintiff overtime wages was willful within the meaning of NYLL § 663.

69. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## THIRD CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants have failed to provide Plaintiff with accurate wage statements listing his overtime hours worked and anything otherwise required by law, in violation of NYLL § 195(3).

72. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500.00), until February 26, 2015, and statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq,* New York Labor Law, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations;

B. Unpaid overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C. Unpaid overtime wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

D. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

E. An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

F. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

G. If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

H. An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

I. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

J. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

K. Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
       August 9, 2016

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By:   /s/Ariadne Panagopoulou
Ariadne Panagopoulou (AP-2202)
*Attorneys for the Plaintiff*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email:  ari@pnlawyers.com